UNITED STATES DISTRICT COURT
FOR THE SOUTHISN DISTRICT OF FLORIDA

JOE NATHANIEL,

                                                                                                   Case No

                                   Plaintiff,

vs.

THE SCHOOL BOARD OF
INDIAN RIVER COUNTY, FLORIDA,

                                   Defendant.                                      JURY TRIAL DEMANDED

---

**COMPLAINT**

**NOW COMES JOE NATHANIEL**, the Plaintiff in the within cause of action, by and through his attorneys, Arnold S. Gaines, Esquire of the Law Firm of GAINES & NOLAN and for his Complaint against Defendant THE SCHOOL BOARD OF INDIAN RIVER COUNTY, FLORIDA, (hereafter "SCHOOL BOARD") and collectively referred to as "DEFENDANT", states as follows:

**I.     INTRODUCTION**

This is a claim brought by Plaintiff JOE NATHANIEL, against his current employers THE SCHOOL BOARD OF INDIAN RIVER COUNTY, FLORIDA, for discrimination due to his race in violation and retaliation 42 U.S.C. §2000e, et seq., Title VII of the Civil Rights Act of 1964, as amended by the Civil Rights Act of 1991 ("Title VII"); and the Florida Civil Rights Act of 1992 Section 760.01-760.11 ("FCRA").

This action seeks declaratory relief, back pay, front pay, compensatory, nominal, liquidated and punitive damages and attorneys' fees, costs and expenses under Title VII, and FCRA. Plaintiff requests a jury trial on each of these counts.

1

## II. PARTIES

1. Plaintiff JOE NATHANIEL (hereafter referred to as "PLAINTIFF" or "NATHANIEL"), is an African-American male. At all times relevant to these claims, he was a citizen of the United States and resident of Sebastian, Indian River County, Florida.

2. At all relevant times Plaintiff was an "employee" of Defendant SCHOOL BOARD, as defined under Fla. Stat. Ch. 112.3187(3)(b).

3. At all relevant times, Defendant SCHOOL BOARD conducted business and operated out of Indian River County, Florida, was and is an "Agency" as defined under Fla. Stat. Ch. 112.3187(3)(a) and was the employer of Plaintiff.

4. Plaintiff is currently employed by the Defendant, as defined by Title VII, and the FCRA.

5. At all relevant times to this action, the Defendant was the Plaintiff's "employer" as defined by Title VII, and the FCRA.

## III. JURISDICTION AND VENUE

6. The court has subject matter jurisdiction over this case pursuant to 28 U.S.C. §1331 as this action arises under the Constitution or laws of the United States. Jurisdiction also exists pursuant to 28 U.S.C. §1343 (a)(4) in that it seeks to recover damages or to secure equitable or other relief under actions of Congress, specifically 42 U.S.C. §2000e which provide causes of action for the protection of Constitutional and civil rights, injunctive remedies, damages and reasonable attorney's fees. Plaintiff further invokes the jurisdiction of this Court pursuant to 28 USC §1332 as diversity exists between the parties. Finally, the court has supplemental jurisdiction over the state law claims pursuant to 28 U.S.C. §1367.

7. Venue is proper in this District pursuant to 28 U.S.C. §1391 because the Defendant conduct business in the Southern District of Florida, and further because a substantial part of the events giving rise to the Complaint occurred in the Southern District of Florida.

8. This is an action for damages exceeding $75,000.00, exclusive of costs, interest and attorneys' fees.

9. Plaintiff has fulfilled all conditions precedent to the institution of this action under Title VII and the FCRA, having filed a timely charge of discrimination with the Equal Employment Opportunity Commission ("EEOC") and the EEOC having issued a Right to Sue on February 17, 2021. The Right to Sue letter was received by the Plaintiff on February 23, 2021. (See Exhibit 1)

## IV. FACTUAL ALLEGATIONS COMMON TO ALL CLAIMS

10. Plaintiff began his employment with the Defendant on August 30, 2005.

11. Plaintiff is still employed as an ESE teacher.

12. Plaintiff filed a separate EEOC claim in 2016 for racial discrimination against the Defendant.

13. At all times relevant to the investigation of that EEOC claim, Plaintiff filed a subsequent EEOC charge for Retaliation, which is the subject of this litigation.

14. On or about February 13, 2019, Plaintiff file a harassment complaint with the Defendant pursuant to policy 3363.02.

15. Plaintiff filed this complaint after learning he was being investigated in January 2020 for an incident that allegedly occurred in September of 2019.

16. Plaintiff learned of this investigation from his colleagues. The situation had already been resolved with the student, parent and the school but the Defendant still initiated a new investigation of the Plaintiff almost 4 months later.

17. The investigation was initiated by Mr. Eberhardlt, a supervisor of the Plaintiff and reported to Mr. Brown, without any communication with the Plaintiff and/or fact findings.

18. During the investigation, Plaintiff learned that Defendant created false witness statements, including one by the Plaintiff, and coerced students to make knowing untrue allegations.

19. During this investigation, Plaintiff's prior evaluations were changed from Highly Effective and replaced with Effective to make it seem like the investigation into the Plaintiff was justified.

20. During the investigation, Plaintiff was treated to defamatory criticism from his co-workers which created an additional hostile work environment for the Plaintiff as it was a well-known fact that the Plaintiff had filed a 2016 EEOC charge for racial discrimination and that this charge had been submitted to the Department of Justice for further investigation.[1]

21. Defendant purposefully allowed the investigation to be conducted by Jason Odom. Mr. Odom represented the Defendant in the other prior 2016 EEOC charge of discrimination.[2] Plaintiff strongly believes this was done as retaliation and as a form of intimidation because of the outcome of the that complaint of discrimination.

22. At no time during this investigation, was the Plaintiff given an opportunity to present any facts or statements. Plaintiff is unaware if any disciplinary actions have occurred but does know that this investigation has been placed in his personnel file.

23. Upon information and belief, the aforementioned acts of retaliation are not exhaustive, and the Plaintiff requests leave to amend his Complaint to assert additional acts as become known through the course of discovery.

---

[1] The was a highly publicized case in Indian River County.
[2] In the 2016 EEOC findings, a cause determination was found by the EEOC.

## V.     CAUSES OF ACTION

### COUNT I-VIOLATION OF TITLE VII-RACIAL DISCRIMINATION
### (42 U.S.C. §2000E ET.SEQ.)

24.     PLAINTIFF adopts and re-alleges each and every allegation as set forth in Paragraph one (1) through Twenty-three (23) above as thought fully rewritten herein.

25.     At all relevant times, Defendant conducted business and operated out of the Southern District of Florida, employing greater than 15 employees and thus was an "employer" as defined in Title VII, and as such prohibited from discriminating in employment on the basis of race.  See 42 U.S.C. §2000e.

26.     At all relevant times it was unlawful for Defendant, as employers, to discriminate against any individual with respect to the compensation, terms, conditions and privileges of employment, because of race.  See 42 U.S.C. §2000e-2.

27.     At all relevant times, the PLAINTIFF was an employee within the meaning of Title VII, protected against discrimination in employment on the basis of his race.  See 42 U.S.C. §2000e.

28.     Throughout his employment, Defendant by and through agents, discriminated against PLAINTIFF on the basis of his race as alleged previously herein.  As such, the PLAINTIFF'S race was a determining factor in Defendant employment decisions, including his compensation, terms and conditions of employment.

29.     Through the actions described above, the Defendant knowingly and willfully discriminated against the PLAINTIFF on the basis of his African American race, in violation of Title VII.

30.     Defendants purported reasons for the actions taken against PLAINTIFF are pretext for discrimination.

31. As a direct and proximate result of Defendants race discrimination, the PLAINTIFF suffered lost earnings and fringe benefits, loss of reputation, professional and personal embarrassment, and other emotional distress, including anxiety, anguish, humiliation and other incidental and consequential damages and expenses, and thus is entitled to monetary compensatory relief.

32. The conduct of Defendant, as set forth above, was intentional, willful, malicious, oppressive, reckless and done in complete disregard of the PLAINTIFF'S rights thereby justifying an award of punitive damages from the Defendant.

33. As further direct and proximate result of the Defendants violations of Title VII, as heretofore described, the PLAINTIFF has been compelled to retain the services of counsel in an effort to enforce the laws of this State prohibiting such discrimination, and hence forced to incur legal fees and costs, the full nature and extent of which are presently unknown to the PLAINTIFF, who therefore will seek leave of Court to amend this Complaint in that regard when the same shall be fully and finally ascertained. As such, PLAINTIFF requests that attorneys' fees be awarded pursuant to Title VII.

### COUNT II- VIOLATION FLORIDA CIVIL RIGHTS ACT (RACIAL DISCRIMINATION)

34. PLAINTIFF adopts and re-alleges each and every allegation as set forth in Paragraph one (1) through Twenty-three (23) above as thought fully rewritten herein.

35. At all relevant times, Defendant conducted business and operated out of the Southern District of Florida, employing greater than 15 employees and thus was an "employer" as defined in the Florida Civil Rights Act of 1992, ss. 760.02, and as such prohibited from discriminating in employment on the basis of race.

36. At all relevant times it was unlawful for Defendant, as employers, to fail or refuse to hire or to discharge any individual or otherwise discriminate against any individual with respect to compensation, terms, conditions and privileges of employment, because of race under the Florida Civil Rights Act.

37. At all relevant times, the PLAINTIFF was an employee within the meaning of the Florida Civil Rights Act of 1992, protected against discrimination in employment on the basis of his race.

38. Throughout his employment, Defendant, by and through agents, discriminated against PLAINTIFF on the basis of his race as alleged previously herein. As such, the PLAINTIFF'S race was a determining factor in Defendant's employment decisions, including his compensation, terms and conditions of employment.

39. Through the actions described above, the Defendant knowingly and willfully discriminated against the PLAINTIFF on the basis of his African American race, in violation of the Florida Civil Rights Act of 1992.

40. Defendant's purported reasons for the actions taken against PLAINTIFF are pretext for discrimination.

41. As a direct and proximate result of Defendant's race discrimination, the PLAINTIFF suffered lost earnings and benefits, impairment of earning capacity, loss of reputation, professional and personal embarrassment, and other emotional distress, including anxiety, anguish, humiliation and other incidental and consequential damages and expenses, and thus is entitled to monetary and compensatory relief.

42. The conduct of Defendant, as set forth above, was intentional, willful, malicious, oppressive, reckless and done in complete disregard of the PLAINTIFFS' rights, thereby justifying an award of liquidated and punitive damages from the Defendant.

43. As further direct and proximate result of the Defendant violations of the Florida Civil Rights Act, as heretofore described, the PLAINTIFF has been compelled to retain the services of counsel in an effort to enforce the laws of this State prohibiting such discrimination, and hence forced to incur legal fees and costs, the full nature and extent of which are presently unknown to the PLAINTIFF, who therefore will seek leave of Court to amend this Complaint in that regard when the same shall be fully and finally ascertained. As such, PLAINTIFF requests that attorneys' fees be awarded pursuant to the Florida Civil Rights Act.

### COUNT III- VIOLATION OF TITLE VII- RETALIATION
### (42 U.S.C. §2000E ET.SEQ.)

44. PLAINTIFF adopts and re-alleges each and every allegation as set forth in Paragraph one (1) through Twenty-three (23) above as thought fully rewritten herein.

45. At all times mentioned herein, PLAINTIFF was an employee within the meaning of Title VII protected against retaliation due to his opposition to and complaints about race.

46. The incidents alleged previously by the PLAINTIFF, establish that the Defendant intentionally discriminated against his due to his race, or that he reasonably perceived the Defendant conduct as discriminatory.

47. The PLAINTIFF complained of and opposed racial discrimination during his tenure, specifically, by complaining that he and other African-Americans were not being treated and disciplined this same under the school board policies and procedures.

48. The PLAINTIFF'S actions in opposing racial discrimination and complaining about such conduct were protected activities under Title VII.

49. Through its high-level personnel, Defendant engaged in, consented to, and/or condoned retaliation against the PLAINTIFF after he complained about the discriminatory behavior set forth above concerning differential treatment and the filing of prior EEOC complaints, in violation of Title VII.

50. The Defendant subjected PLAINTIFF to materially adverse employment actions after he engaged in the aforesaid protected activities. The actions include engaging in conduct intended to isolate him from colleagues; initiating investigations into his conduct, stripping his of supervisory authority; excluding his from high level managerial meetings related to the performance of his position; openly criticizing his performance in front of colleagues and subordinates; failing to properly compensate the PLAINTIFF for additional work performed as a specialist and other actions intended to negatively impact the PLAINTIFF'S ability to perform his work assignments.

51. The aforesaid actions created a hostile working environment ultimately causing the PLAINTIFF emotional stress and anxiety, exhibited through objective physical changes including high blood pressure.

52. A causal connection exists between the PLAINTIFFS' protected activities as described above and the aforementioned conduct.

53. PLAINTIFF was treated less favorably than non-complaining co-workers, disciplined and ultimately terminated by the Defendant in violation of the anti-retaliation provisions of Title VII for opposing and complaining about the racial discrimination he was being subjected to by his superior; and further for questioning the Defendant's failure to properly investigate his complaints.

54. The aforementioned acts of retaliation occurred during PLAINTIFFS tenure of employment with Defendant and after he opposed racial discrimination.

55. The aforementioned acts of the Defendant pervaded the workplace and resulted in fear of, and actual adverse actions against the PLAINTIFF.

56. The aforementioned acts of the Defendant were intentional, mean spirited, done with malice and ill will and consistent with the mindset that discriminatory behavior was acceptable, and that any such complaints were to be responded to by an unrelenting barrage of retaliatory conduct including but not limited to isolation, demeaning work-assignments and comments, decreased compensation, and false accusations of impropriety.

57. As a direct and proximate result of the Defendant's actions as described above, the PLAINTIFF has suffered compensatory damages including, back pay, front pay, loss of income and benefits, pension and/or retirement benefits, impairment of earning capacity, emotional distress, anxiety, anguish, humiliation, and other incidental and consequential damages and expenses.

58. As further direct and proximate result of the Defendant's violations of Title VII, as heretofore described, the PLAINTIFF has been compelled to retain the services of counsel in an effort to enforce the laws of this State prohibiting such discrimination, and hence forced to incur legal fees and costs, the full nature and extent of which are presently unknown to the PLAINTIFF, who therefore will seek leave of Court to amend this Complaint in that regard when the same shall be fully and finally ascertained. As such, PLAINTIFF requests that attorneys' fees be awarded pursuant to Title VII.

## COUNT VIII- FLORIDA CIVIL RIGHTS ACT
### (RETALIATION)

59. PLAINTIFF adopts and re-alleges each and every allegation as set forth in Paragraph one (1) through Twenty-three (23) above as thought fully rewritten herein.

60. At all times mentioned herein, PLAINTIFF was an employee within the meaning of the Florida Civil Rights Act protected against retaliation due to his opposition to and complaints about race discrimination.

61. The incidents alleged previously by the PLAINTIFF, establish that the Defendant intentionally discriminated against his due to his race, or that he reasonably perceived the Defendant conduct as discriminatory.

62. The PLAINTIFF complained of and opposed racial discrimination during his tenure, specifically, by complaining that he and other African Americans were treated differently during investigations from his Caucasian employees.

63. The PLAINTIFF'S actions in opposing racial discrimination and complaining about such conduct were protected activities under the Florida Civil Rights Act.

64. Through its high-level managers, Defendant engaged in, consented to, and/or condoned retaliation against the PLAINTIFF after he complained about the discriminatory behavior set forth above concerning investigations, in violation of the Florida Civil Rights Act.

65. The Defendant subjected PLAINTIFF to materially adverse employment actions after he engaged in the aforesaid protected activities.   The actions include engaging in conduct intended to isolate his from colleagues; initiating investigations into his conduct,; openly criticizing his performance in front of colleagues and subordinates; failing to properly compensate the PLAINTIFF and other actions intended to negatively impact the PLAINTIFF'S ability to perform his work assignments.

66. The aforesaid actions created a hostile working environment ultimately causing the PLAINTIFF emotional stress and anxiety, exhibited through objective physical changes including high blood pressure.

67. A causal connection exists between the PLAINTIFFS' protected activities as described above and the aforementioned conduct.

68. PLAINTIFF was treated less favorably than non-complaining co-workers and disciplined by the Defendant in violation of the anti-retaliation provisions of the Florida Civil Rights Act for opposing and complaining about the racial discrimination he was being subjected to by his superior; and further for questioning the Defendant's failure to properly investigate his complaints.

69. The aforementioned acts of retaliation occurred during PLAINTIFFS tenure of employment with Defendant and after he opposed racial gender discrimination.

70. The aforementioned acts of the Defendant pervaded the workplace and resulted in fear of, and actual adverse actions against the PLAINTIFF.

71. The aforementioned acts of the Defendant were intentional, mean spirited, done with malice and ill will and consistent with the mindset that discriminatory behavior was acceptable, and that any such complaints were to be responded to by an unrelenting barrage of retaliatory conduct including but not limited to isolation, demeaning work-assignments and comments, decreased compensation, and false accusations of impropriety.

72. As a direct and proximate result of the Defendant's actions as described above, the PLAINTIFF has suffered compensatory damages including, back pay, front pay, loss of income and benefits, pension and/or retirement benefits, impairment of earning capacity, emotional

distress, anxiety, anguish, humiliation, and other incidental and consequential damages and expenses.

73. As further direct and proximate result of the Defendant violations of the Florida Civil Rights Act, as heretofore described, the PLAINTIFF has been compelled to retain the services of counsel in an effort to enforce the laws of this State prohibiting such discrimination, and hence forced to incur legal fees and costs, the full nature and extent of which are presently unknown to the PLAINTIFF, who therefore will seek leave of Court to amend this Complaint in that regard when the same shall be fully and finally ascertained. As such, PLAINTIFF requests that attorneys' fees be awarded pursuant to the Florida Civil Rights Act.

## VI. PRAYER FOR RELIEF

WHEREFORE, PLAINTIFF, JOE NATHANIEL, seeks judgment against DEFENDANT, and respectfully requests the entry of a Judgment as follows:

(a) Declare and adjudge that DEFENDANT have violated the PLAINTIFF'S rights under 42 U.S.C. §2000e, et. seq. (Title VII), and Fla. Stat. Ch. 760, et. seq. (Florida Civil Rights Act of 1992);

(b) Award compensatory and punitive damages to the PLAINTIFF against DEFENDANT to the full extent allowed under Title VII and the Florida Civil Rights Act of 1992, in amount(s) to be determined at trial;

(c) Award monetary, general, equitable and/or special damages to the PLAINTIFF under 42 U.S.C. §2000e, et. seq., and Fla. Stat. Ch. 760, et. seq., including but not limited to back pay [wages, salary, fringe benefits and pre-judgment interest], front pay, and medical and retirement benefits, preferential rights to jobs and other damages for lost compensation and job benefits with pre-judgment and post-judgment interest suffered by the PLAINTIFF, to be determined at trial;

(d) Award PLAINTIFF the costs and expenses incurred in this action, including reasonable attorneys' fees and other litigation expenses as provided by 42 U.S.C. §2000e, et. seq., and Fla. Stat. Ch. 760, et. seq.;

(e) Award statutory interest to the full extent provided 42 U.S.C.§2000e, et. seq., and Fla. Stat. Ch.760, et. seq. and;

    (f)    Award the PLAINTIFF any such additional relief as this Court deems just and proper.

## VII. JURY DEMAND

PLAINTIFF, JOE NATHANIEL, hereby requests a trial by jury on all issues.

Dated:  May  19, 2021.

                                  Respectfully Submitted,

                                  /S/Arnold S. Gaines.
                                  Arnold S. Gaines, Esq. [FBN 670928]
                                  Law Offices of Gaines & Nolan
                                  2100 SE Hillmoor Drive, Suite 106
                                  Port St. Lucie, Florida 34952
                                  asg@gainesnolan.com
                                  772-200-4600
                                  Counsel for Plaintiff